IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

      Plaintiff,

    v.

ODS COMMUNITY DENTAL; HEALTH
SHARE OF OREGON; MODA HEALTH
PLAN, INC., doing business as CAREOREGON;
AMY DOE; HON. REBECCA A. LEASE;
ALJ JAMES A. DREYER; and DOES 1–50,

      Defendants.

Case No. 3:26-cv-01049-AB

OPINION & ORDER

David P. Martin
    Self-represented

Peder A. Rigsby
Sean Douglas McKean
Wilson Elser Moskowitz Edelman & Dicker LLP
805 SW Broadway, Suite 2460
Portland, OR 97205
    Attorneys for Defendant

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff David P. Martin brings this case against Defendants ODS Community Dental ("ODS"), Health Share of Oregon, Moda Health Plan, Inc. ("Moda"), Amy Doe, Judge Rebecca A. Lease, and Administrative Law Judge James A. Dreyer. Defendants ODS and Moda move for an order "enjoining [Plaintiff] from filing any further action or papers in this Court . . . without first obtaining leave of court." Defs. ODS and Moda Mot. Pre-filing Order ("Defs.' Mot.") 2, ECF No. 13. Defendants ODS and Moda also "request that the Court suspend all case management deadlines as well as the time for Moda and ODS to file responses to any motions or other documents filed by Plaintiff until the Court has ruled on Moda and ODS's Motion for a Pre-Filing Order . . . ." Defs. ODS and Moda Mot. Suspend Case Management and Resp. Deadlines 2, ECF No. 15. For the reasons below, the Court grants Defendants ODS and Moda's Motion for Pre-filing Order and denies Defendants ODS and Moda's Motion to Suspend Case Management and Response Deadlines.

## BACKGROUND

This matter is the latest in a series of cases brought by Plaintiff. *See Martin v. ODS Dental et al.*, Case No. 3:26-cv-00298-AB (D. Or. 2026) ("*Martin I*"); *Martin v. City Portland et al.*, Case No. 3:26-cv-00405-AB (D. Or. 2026) ("*Martin II*"); *DPM 933 v. Dep't of Gov't Efficiency et al.*, Case No. 3:26-cv-00741-AR (D. Or. 2026) ("*Martin III*");[1] *Martin v. ODS Cmty. Dental et al.*, Case No. 3:26-cv-00901-AB (D. Or. 2026) ("*Martin IV*"). Over the course of

---

[1] Plaintiff filed *Martin III* under a pseudonym but never received leave to do so. Judge Armistead found that Plaintiff has not shown that he is entitled to proceed under a pseudonym because "[Plaintiff's] allegations do not demonstrate a reasonable fear of retaliation, embarrassment, or that he will be vulnerable to injury or harm without anonymization . . . ." *Martin III*, ECF No. 11 (Findings & Recommendation) at 7; *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names.").

2 – OPINION & ORDER

this year, Plaintiff has filed voluminous documents including dozens of motions and notices which span a variety of topics and which total thousands of pages. By Plaintiff's own estimations, as of June 29, 2026, "[Plaintiff] has produced and filed or served physical legal instruments totaling approximately 85 pounds of paper across all active proceedings." Pl.'s Notice of the Infinite Preclusion Engine Ex. 1, at 64,[2] ECF No. 72-1. The Court first discusses the procedural background of this matter. The Court then discusses the procedural background of Plaintiff's other cases in federal court.

## I.      Plaintiff's Current Case

Plaintiff filed this matter in Multnomah County Circuit Court on March 18, 2026. Notice of Removal ¶ 8, ECF No. 1. Defendants ODS and Moda removed this case to the United States District Court for the District of Oregon on May 26, 2026. *See generally id.* Plaintiff alleges that he has been denied dental procedures to address a progressive and irreversible bone defect. First Am. Compl. ("FAC") 4–5, ECF No. 6.[3] Plaintiff seeks, among other relief, economic damages and an "injunction ordering emergency dental surgery authorization within 72 hours . . . ." *Id.* at 10.

After this matter was removed to this Court, Plaintiff filed ninety-eight documents over two months. A minority of Plaintiff's documents appear responsive to prior motions filed by Defendants ODS and Moda. *See, e.g.*, Pl.'s Resp. Defs.' Mot. Dismiss and Mot. Pre-Filing Order (responding to motions filed by Defendants ODS and Moda), ECF No. 65. However, Plaintiff's

---

[2] All citations to Plaintiff's filings are to the page numbers generated in CM/ECF.

[3] The Court notes that Plaintiff named this pleading a "Third" Amended Complaint. Because it appears that this is the first time Plaintiff filed an amended pleading after this matter was removed to federal court, and because Plaintiff later filed another document titled, "Third Amended Complaint[,]" *see* ECF No. 39, the Court refers to this pleading as his First Amended Complaint.

3 – OPINION & ORDER

filings often discuss matters unrelated to the allegations in Plaintiff's operative pleading. The

Court highlights some illustrative examples from this case:

- On June 10, 2026, Plaintiff filed a document notifying the Court that he "transmitted" "criminal referral communications" regarding allegedly false statements made by counsel for Defendants ODS and Moda. Pl.'s Notice of Crim. Referral 2, ECF No. 26.
- On June 12, 2026, Plaintiff filed a document in which Plaintiff appears to discuss the Greek and Latin origins of certain legal concepts. Pl.'s Trilingual Notice, ECF No. 29.
- On June 12, 2026, Plaintiff filed a document in which Plaintiff "offers to serve as the official in-court translator of all Latin juridical terminology appearing in his filings, for the benefit of defendants, counsel, and the Court, in open court oral argument." Pl.'s Notice of In Forma Pauperis Translation 2, ECF No. 32.
- On June 12, 2026, Plaintiff filed a document in which Plaintiff discusses the "juridical science taxonomy of the term 'conferral' as used in D. Or. LR 7-1 and federal civil practice . . . ." S.J.D. Juridical Sci. Monograph 1, ECF No. 36.
- On June 12, 2026, Plaintiff filed a document in which Plaintiff questioned whether "Medicaid capitation funds" were "diverted to fund the Moda Center naming rights contract[.]" Pl.'s Notice of Antitrust Pattern Evidence and Document Pres. Demand 4, ECF No. 37. Plaintiff does not raise these allegations in his operative pleading.
- On June 12, 2026, Plaintiff filed three superseding pleadings without leave of the Court. *See* Second Am. Compl., ECF No. 38; Third Am. Compl., ECF No. 39; Fourth Am. Compl., ECF No. 40. The Court struck these pleadings for failure to seek leave of the Court. Order, ECF No. 52.
- On June 16, 2026, Plaintiff indicated that he would file a new case, and that the case would be assigned to Judge Simon. Pl.'s Notice of Crim. Referral and Req. for Investigation 14–15, ECF No. 41.
- On June 18, 2026, Plaintiff filed a document a portion of which Plaintiff wrote in Dutch. *See* Pl.'s Ex. G-7, at 13–25, ECF No. 56.
- On June 18, 2026, Plaintiff filed a document which appears to command Defendants to produce Defendants' financial records. Pl.'s Subpoena Duces Tecum for Produc. of Financial Records, ECF No. 58.
- On June 22, 2026, Plaintiff filed a document comparing his ongoing litigation to an unrelated case titled, "*Reach Community Development Corporation v. United States Department of Homeland Security*, Case No. 3:25-cv-2257-AB (D. Or. 2025)."[4] Pl.'s Notice of Judicial Insufficiency Doctrine, ECF No. 61.
- On June 30, 2026, Plaintiff sought authorization from the Court to obtain witness testimony from two employees of this Court's Clerk's Office regarding their "direct personal observations of Plaintiff's visible demeanor, emotional state, and distress during courthouse visits . . . ." Pl.'s Mot. Court Authorization to Obtain Fact Witness Test. from Ct. Clerk Employees 4, ECF No. 84.
- On June 30, 2026, Plaintiff moved for daily sanctions, a disciplinary referral, and a criminal referral for the attorneys representing Defendants ODS and Moda for listing a

---

[4] On March 11, 2026, Plaintiff also attempted to file an amicus brief in the above-cited case. *See REACH Cmty. Dev. Corp.*, ECF No. 79 (Mot. Appear as Amicus Curiae).

4 – OPINION & ORDER

terminated party in the caption of their filings, among other reasons. Pl.'s Mot. Per Diem Sanctions, ECF No. 85.

## II.    Plaintiff's Other Cases

Plaintiff's voluminous filings are not limited to this matter. Indeed, Plaintiff has filed four other cases in federal court.[5] The Court briefly describes Plaintiff's activity in his other cases below.

Plaintiff filed *Martin I* on February 13, 2026. There, Plaintiff alleged the same dental injuries as in this current case. *See Martin I*, ECF No. 1 (Compl.). The Court denied Plaintiff's Motion for Temporary Restraining Order ("TRO") on February 18, 2026. *Martin v. ODS Cmty. Dental Ins.*, No. 3:26-CV-00298-AB, 2026 WL 457777 (D. Or. Feb. 18, 2026). The Court ultimately dismissed the case without prejudice for failure to state a claim under 28 U.S.C. § 1915(e) and for Plaintiff's failure to follow the Court's prior instructions. *Martin v. ODS Cmty. Dental*, No. 3:26-CV-00298-AB, 2026 WL 1121979 (D. Or. Apr. 24, 2026). Over three months, Plaintiff filed eleven motions challenging the Court's denial of Plaintiff's motion for TRO.

Plaintiff filed *Martin II* on March 3, 2026, which was initially an action against certain local governmental entities. *See Martin II*, ECF No. 2 (Compl.). Plaintiff later amended his pleading to include many of the same defendants and facts as alleged in *Martin I*. *See Martin II*, ECF No. 16 (First Am. Compl.). The Court dismissed Plaintiff's operative pleading with leave to amend and warned Plaintiff that "[Plaintiff's] second amended complaint must comply with

---

[5] The Court adds that Plaintiff filed at least seven complaints in Multnomah County Circuit Court against many of the same Defendants named in this matter, including this removed matter. *See Martin v. Skyline Oral Facial & Dental Implant Surgery et al.*, Case No. 26CV21750; *Martin v. Moda Health*, Case No. 26SC05481; *Martin v. "Amy" Doe*, Case No. 26SC05498; *Martin v. Skyline Oral Surgery*, Case No. 26SC05499; *Martin v. ODS Cmty. Dental*, Case No. 26SC05500; *Martin v. ODS Cmty. Dental et al.*, Case No. 26CV13165; *Martin v. ODS Cmty. Dental et al.*, Case No. 26CV30176.

[Federal Rule of Civil Procedure] 8, all orders filed in this case, and the Court's orders in [*Martin I*]." *Martin v. City of Portland*, No. 3:26-CV-00405-AB, 2026 WL 1125711, at \*2 (D. Or. Apr. 24, 2026). Plaintiff filed a superseding pleading, which the Court dismissed without leave to amend on June 3, 2026, for Plaintiff's "continued failure to comply with the Court's prior instructions." *Martin v. City of Portland*, No. 3:26-CV-00405-AB, 2026 WL 1587489, at \*2 (D. Or. June 3, 2026). Over three months, Plaintiff filed forty-one documents in *Martin II*, twenty-one of which were filed as motions.

Plaintiff filed *Martin III* on April 15, 2026, against the Department of Government Efficiency and other defendants that were not parties to *Martin I* or *Martin II*. *See Martin III*, ECF No. 20 (Second Am. Compl.). Despite the apparent differences in the parties and allegations in *Martin III*, Plaintiff's requested relief still included "an emergency order directing CareOregon to provide emergency oral surgery within 72 hours . . . ." *Id.* at 18. Plaintiff voluntarily dismissed this action on July 7, 2026. *See Martin III*, ECF No. 35 (Notice of Voluntary Dismissal Without Prejudice). Over three months, Plaintiff filed twenty-four documents in the docket in *Martin III*, twelve of which were filed as motions.

Plaintiff filed *Martin IV* on May 4, 2026, against many of the same defendants as in *Martin I* and *Martin II*. *See Martin IV*, ECF No. 1 (Compl.). The Court dismissed *Martin IV* because Plaintiff could not re-file his claims in a new action while his appeal was still pending. *Martin IV*, ECF No. 6 (Order of Dismissal). Over two months, Plaintiff filed eighteen documents in the docket in *Martin IV*, seven of which were filed as motions.

## STANDARDS

The All Writs Act empowers "[t]he Supreme Court and all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and

6 – OPINION & ORDER

agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). District courts have the inherent power under the All Writs Act to impose appropriate pre-filing restrictions. *See Ringgold–Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing 28 U.S.C. § 1651(a)). "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed[.]'" *Id.* at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). In other words, "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). On the other hand, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To balance the interest of a litigant's access to the court system and the interest of preserving judicial resources, "[a] court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057.

Before entering a pre-filing order, courts must comply with four requirements (sometimes referred to as "factors"):

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered[;]" (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed[;]" (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold–Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147–48); *see also Molski*, 500 F.3d at 1058 (referring to *De Long* "factors"). The first two *De Long* requirements are "procedural considerations" or "'[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order."

7 – OPINION & ORDER

*Molski*, 500 F.3d at 1057–58 (quoting Black's Law Dictionary 1241 (8th ed. 2004)). The third and fourth *De Long* requirements are "substantive considerations" or those that "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* at 1058. Courts may consider other factors, such as:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *see also Molski*, 500 F.3d at 1058 (finding that the "[*Safir*] five-factor standard provides a helpful framework for applying the two substantive [*De Long*] factors" and that "it was not reversible error for the district court to structure its analysis around the similar factors identified by [*Safir*]").

## DISCUSSION

The Court first addresses Defendants' Motion for Pre-filing Order and then turns to Defendants' Motion to Suspend Case Management and Response Deadlines.

## I.      Motion for Pre-filing Order

The Court finds that a pre-filing order is warranted in this matter because Plaintiff has engaged in a pattern of vexatious litigation regarding his alleged dental injuries. For the same reasons, the Court also finds it proper for a pre-filing order to extend to any other matter in which Plaintiff seeks relief in connection with his alleged dental injuries. The Court reviews each *De Long* requirement below.

///

8 – OPINION & ORDER

A.    Notice and Opportunity To Be Heard

"The first factor under *De Long* is whether [the plaintiff] was given notice and an opportunity to be heard before the district court entered the pre-filing order." *Molski*, 500 F.3d at 1058. In *Molski*, the panel found that this requirement was met "because the district court's order was prompted by a motion filed by the defendants and served on [the plaintiff]" and that the plaintiff "had the opportunity to oppose the motion, both in writing and at a hearing." *Id.* The panel noted, however, that an oral argument or evidentiary hearing on the issue is not required. *Id.* at 1058–59 (citing *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

Here, the Court finds that Plaintiff was given notice and an opportunity to be heard after the filing of the pending Motion for Pre-filing Order. Plaintiff responded in opposition to Defendants' Motion on June 8, 2026. *See* Pl.'s Resp. Mot. Pre-filing Order, ECF No. 17. Plaintiff also filed supplemental briefing in opposition to a pre-filing order on June 10, 2026, and on June 24, 2026. *See* Pl.'s Pre-emptive Opp'n, ECF No. 28; Pl.'s Resp. Defs.' Mot. Dismiss and Mot. Pre-Filing Order. Accordingly, the Court finds that this first *De Long* requirement is satisfied.

B.    Adequate Record

"The second factor of the *De Long* standard is whether the district court created an adequate record for review." *Molski*, 500 F.3d at 1059. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147; *but see Molski*, 500 F.3d at 1059 ("Although the district court's decision entering the pre-filing order did not list every case filed by [the plaintiff], it did outline and discuss many of them.").

9 – OPINION & ORDER

The Court has catalogued all active and closed litigation brought by Plaintiff in federal court. *See* Background, *supra.* The Court has also provided a general overview of the quantity of Plaintiff's filings as well as illustrative examples of Plaintiff's filings in this matter. *Id.* The Court therefore finds that this *De Long* factor is satisfied.

C.     Substantive Findings of Frivolousness or Harassment

"The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis, inquiring whether the district court made 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148). Courts must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quoting *De Long*, 912 F.2d at 1148). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

Here, the Court has stated several times that Plaintiff's claims lack merit. For example, in *Martin I*, Plaintiff "ignore[d] the Court's instructions and continue[d] to bring causes of action under criminal statutes in his Second Amended Complaint . . . ." *Martin I*, 2026 WL 1121979, at *2. Also, in *Martin I*, "Plaintiff renew[ed] his constitutional claims against private actors" despite the Court's prior warning that he could not do so. *Id.* In *Martin II*, the Court held that Plaintiff could not proceed with his *qui tam* claim because "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States . . . ." *Martin II*, 2026 WL 1587489, at *3 (quoting *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)). Yet in this case, Plaintiff appears to renew his *qui tam* action in his operative complaint and refers to himself as a "Qui Tam Relator" despite the Court's prior warnings. *See* Suppl. to FAC 12, ECF No. 6-1.

10 – OPINION & ORDER

In addition to Plaintiff's claims, the Court also finds that many of Plaintiff's filings lack merit because their content is unrelated to Plaintiff's claims. *See, e.g.*, Pl.'s Trilingual Notice (discussing the Greek and Latin etymologies of certain legal terms); Pl.'s Notice of In Forma Pauperis Translation 2 (offering "to serve as the official in-court translator of all Latin juridical terminology appearing in his filings"); Pl.'s Notice of Antitrust Pattern Evidence and Document Pres. Demand 4 (raising issues not alleged in his operative pleading, including whether "Medicaid capitation funds" were "diverted to fund the Moda Center naming rights contract"). At other times, it is unclear whether Plaintiff's filings are frivolous because they are written in a foreign language. *See* Pl.'s "Exhibit G-7," at 13–25 (Plaintiff filed a document partially written in Dutch).[6]

Several of Plaintiff's other filings have sought penalties and criminal investigations into counsel for Defendants ODS and Moda. On one occasion, Plaintiff filed a notice indicating that he "transmitted" "criminal referral communications" regarding allegedly false statements made by counsel for Defendants ODS and Moda. Pl.'s Notice of Crim. Referral 2. On at least three occasions, on June 30, 2026, Plaintiff renewed his call for criminal investigations, moved for daily sanctions, and requested a referral to the Oregon State Bar for the attorneys representing Defendants ODS and Moda because Defendants listed a terminated party in the caption of their filings, among other reasons. *See* Pl.'s Mot. Per Diem Sanctions 4–5; Pl.'s Notice of Crim. Referral and Req. for Investigation 14–15; Pl.'s Ex Parte Notice of Agency Referral 2, ECF No. 80. The Court finds that these filings lack merit and have the likely effect of harassing counsel

---

[6] The Court has already declined to docket other filings written in Dutch. These filings do not appear on the docket.

11 – OPINION & ORDER

for Defendants ODS and Moda by overburdening them with the responsibility of responding to each of Plaintiff's motions.

As the Court has noted previously, the Court acknowledges the serious nature of Plaintiff's allegations of his dental injuries. *See Martin I*, 2026 WL 716348, at \*2. But in the interest of the expeditious resolution of Plaintiff's claims, the Court can no longer allow Plaintiff to inundate Defendants and Court staff with a steady flow of frivolous motions and other filings. Therefore, the Court finds that the third *De Long* factor is satisfied.

D.    Tailoring of the Order

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. The Ninth Circuit has not defined the exact limits of what constitutes an overbroad pre-filing order, but it has provided helpful guideposts. For example, a pre-filing order is overbroad if it prevents the plaintiff from filing *any* suit in a particular district court. *De Long*, 912 F.2d at 1148. Similarly, requiring a plaintiff to obtain leave to file *any* suit is overbroad when the plaintiff had only been litigious with one group of defendants. *Moy*, 906 F.2d at 470–71. By contrast, a pre-filing order is appropriately narrow when it "covers only the type of claims [the plaintiff] had been filing vexatiously . . . ." *Molski*, 500 F.3d at 1061.

The Court first finds that a pre-filing order is appropriate for this case. For the reasons given above, the Court instructs that Plaintiff must seek leave before filing any additional document in this matter. Plaintiff must first file a motion—not to exceed three pages—that describes the document Plaintiff seeks to file, how that document is pertinent to this case, and why that document is not repetitive of documents Plaintiff has already filed. Plaintiff shall include the document sought to be filed as an attachment.

The Court finds that this pre-filing order should also apply to any case brought by Plaintiff involving his alleged dental injuries as they are described in the pleadings in this matter or in Plaintiff's prior cases, *Martin I*, *Martin II*, *Martin III*, or *Martin IV*. *See O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990) (holding that district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on *repeated* attempts by litigants to misuse the courts" (emphasis added)). If Plaintiff files a new case in this District, the Court shall determine whether Plaintiff's new case concerns litigation in connection with his alleged dental injuries; if so, then the Court shall dismiss the action pursuant to this pre-filing order if it is determined that the complaint is duplicative or frivolous.[7]

This pre-filing order currently does not extend to cases brought by Plaintiff that do not involve his alleged dental injuries. But if Plaintiff brings a new action unrelated to his alleged dental injuries but later files an amended pleading that seeks relief in connection with his alleged dental injuries, this pre-filing order shall then apply to the new action. Additionally, the Court may expand the scope of this pre-filing order beyond actions concerning Plaintiff's alleged dental injuries if the Court later finds that Plaintiff's vexatious litigation expands to other subject matter.

///

///

---

[7] This provision reflects recent Ninth Circuit guidance. In *Bruzzone v. Intel Corporation*, a Ninth Circuit panel modified a district court's pre-filing order similarly to the sentence to which this footnote is attached. *See Bruzzone v. Intel Corp.*, No. 22-15172, 2022 WL 2339912, at *1 (9th Cir. June 29, 2022) ("We modify the [pre-filing] order as follows, with emphasis on the addition: "The Duty Judge shall determine whether the case constitutes pro se litigation by Plaintiff against Intel; if so, then the Duty Judge shall dismiss the action without comment pursuant to this pre-filing order **if the judge determines the complaint is duplicative or frivolous** . . . .'").

13 – OPINION & ORDER

## II.    Motion to Suspend Case Management and Response Deadlines

Defendants ODS and Moda "request that the Court suspend all case management deadlines as well as the time for Moda and ODS to file responses to any motions or other documents filed by Plaintiff until the Court has ruled on Moda and ODS's Motion for a Pre-Filing Order . . . ." Defs. ODS and Moda Mot. Suspend Case Management and Response Deadlines 2. Because the Court grants the pending Motion for Pre-filing Order, the relief sought under this Motion would be duplicative. Accordingly, the Court denies as moot Defendants ODS and Moda's Motion to Suspend Case Management and Response Deadlines.

## CONCLUSION

The Court GRANTS Defendants Moda Health Plan and ODS Community Dental's Motion for Pre-filing Order [13]. The Court DENIES AS MOOT Defendants Moda Health Plan and ODS Community Dental's Motion to Suspend Case Management and Response Deadlines [15].

For the reasons explained in this Opinion & Order, the Court articulates the following pre-filing order:

1.    Plaintiff must seek leave before filing any document in this matter or any other matter—including closed cases—related to Plaintiff's alleged dental injuries. This pre-filing order applies regardless of whether Plaintiff proceeds under his name or under a pseudonym.

2.    If Plaintiff seeks to file a document in any case covered under this pre-filing order, Plaintiff must first file a motion—not to exceed three pages—that describes Plaintiff's reason for filing the requested document, how that document is relevant to this matter, and why that document is not repetitive of documents Plaintiff has already filed. Plaintiff shall include as an attachment to any motion the document Plaintiff seeks to file. Plaintiff shall also indicate the

14 – OPINION & ORDER

case to which Plaintiff seeks to file the document. The Court will review Plaintiff's motion and attached document and will decide whether to grant Plaintiff leave to file the requested document.

3. Any document that Plaintiff seeks to file must comply with this District's Local Rules. If the document Plaintiff seeks to file violates this District's Local Rules, the Court will deny Plaintiff's motion. Plaintiff may not move to file more than one document in any motion. If Plaintiff seeks to file multiple documents, Plaintiff must file one motion for each document.

4. The Court directs the Clerk of Court to open a miscellaneous case for the purpose of managing and reviewing Plaintiff's motions to file documents. The Clerk of Court shall also file a copy of this Opinion & Order to the docket of the miscellaneous case.

A. If Plaintiff files a motion to file a document in any case covered under this pre-filing order, the Clerk's Office shall enter the motion and attached document in the docket of this miscellaneous case. The Court will enter any order granting or denying Plaintiff's motion in this miscellaneous case. If the Court grants Plaintiff's motion, the Clerk's Office shall file the requested document in the appropriate case. If the Court denies Plaintiff's motion to file a document, Plaintiff is advised that the Court will not return any physical document Plaintiff leaves with the Clerk's Office.

B. If the Court finds that a case should be covered under this pre-filing order, the Court will enter an order in this miscellaneous case indicating the case number and caption of the case to be covered under this pre-filing order.

5. This pre-filing order does not prohibit Plaintiff from filing new cases in this District. But if Plaintiff files a new case in this District, the Court shall determine whether Plaintiff's new case concerns litigation related to Plaintiff's alleged dental injuries; if so, then the Court shall dismiss

15 – OPINION & ORDER

the action without comment pursuant to this pre-filing order if it is determined that the complaint is duplicative or frivolous.

6.  This pre-filing order shall remain in effect until the Court directs otherwise. The Court may expand the scope of this pre-filing order if the Court determines that expansion is necessary to address future vexatious litigation.

IT IS SO ORDERED.

DATED this _27th_ day of July, 2026.

AMY M. BAGGIO
United States District Judge

16 – OPINION & ORDER